UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| _____ | ) | |
| USPLY LLC | ) | |
| | ) | |
| Plaintiff, | ) | Ct. No. 25-00111 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

On behalf of USPLY LLC ("Plaintiff" or USPLY), importer of hardwood plywood from Vietnam, we hereby bring this civil action and allege the following:

### Parties

1.      Plaintiff is a U.S. importer of Certain Hardwood Plywood Products during the special extended fifth period of review ("AR 5"), September 26, 2021 through December 31, 2022, that timely filed pleadings before the administering authority in the segment.

2.      Defendant is the United States of America acting by and through the U.S. Department of Commerce ("Commerce").

### Jurisdiction

3.      This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) to contest Commerce's final results of review under 19 U.S.C. §1675. *See Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Administrative Reviews of the Antidumping, and Countervailing Duty Orders, Final Determination of No Shipments; 2021– 2022*; 90 Fed. Reg. 21271 (May 19, 2025). Accordingly, this Court possesses

jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

4.    Plaintiff is an importer of Certain Hardwood Plywood Products that participated in the administrative review resulting in the contested determination.  Accordingly, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5.    In addition, because Commerce's final results overstated Plaintiff's Vietnamese supplier Cam Lam Joint Stock Company's ("Cam Lam") antidumping and countervailing duty margins and denied Plaintiff's right to certify that entries entered by Plaintiff that were exported by Cam Lam during AR 5 were not subject merchandise, Plaintiff has been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code.  Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6.    Notice of the *Final Results* was published in the *Federal Register* on May 19, 2025.  *See* para. 3, above.  Plaintiff filed a summons instituting this action on June 18, 2025, within 30 days of said publication, serving notice of the action upon all other participants in the investigation on the same date.  Plaintiff is filing this complaint within thirty days after filing the aforementioned summons.  *See* USCIT Rule 6(a).  Therefore, Plaintiff has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## Facts

7.    The antidumping and countervailing duty orders at issue cover certain hardwood plywood from China, known familiarly as "Plywood II", which includes plywood that have be

processed in five scenarios in Vietnam using Chinese raw materials.[1]  Commerce found those scenarios to be occurring and that they constituted circumvention.  *See Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 and accompanying Issues and Decision Memorandum (July 20, 2023) ("Circumvention Final").  Cam Lam was denied the right to certify that it did not export hardwood plywood to the U.S. produced using those five scenarios in the Circumvention Final.

8.      Commerce initiated AR5 and allowed Vietnamese companies that were found ineligible to certify from the Circumvention Final to have their certification right reviewed and past shipments entered into the United States reviewed. Cam Lam participated in this review. For Vietnamese companies, Commerce never tried to collect traditional information concerning antidumping duty margin calculations or countervailable subsidies in this multi-year review. Instead, the focus was on asking exporters for information to prove the negative, i.e., that they did <u>not</u> consume Chinese-made core veneer in the production of the plywood they produced in Vietnam and exported to the United States in AR5.  The reviews were essentially consolidated under the antidumping duty case but apply to the rates developed in both the China antidumping duty and China countervailing duty cases on certain Hardwood Plywood.

9.      In the *AR 5 Final Results*, Commerce Denied Cam Lam the right to certify its plywood exports to the United States as not meeting the five circumvention criteria. Consequently, Plaintiff was denied the right to file importer certification on the entries it made in AR 5 that were exported from Cam Lam.

---

[1] Petitioners' Coalition filed new AD/CVD petitions against Vietnam and Indonesia *mere days* after the Final Results were released, which is now considered Plywood III.

10.     This appeal ensued.

### COUNT I

11.     The allegations of paragraphs 1 through 10 are restated and incorporated herein by reference.

12.     The record as a whole did not support Commerce's application of AFA to Cam Lam and Commerce's prohibition against Cam Lam certifying its plywood exports as not fitting the five circumventing scenarios and thus not subject to the corresponding AD and CVD rates on Chinese hardwood plywood.  As such, Commerce's determination was unsupported by substantial evidence.  *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence).  Cam Lam cooperated fully through voluminous submissions and at verification.

13.     Cam Lam explained how it is able to determine that no Chinese core inputs were consumed in its production of hardwood plywood and provided sample origin packages in its questionnaire responses. Commerce verified that Cam Lam maintained adequate origin packages. Commerce also verified that Cam Lam's tracing system is reliable. Taken together, the submissions and verification only support a finding that Cam Lam did not export hardwood plywood to the United States produced under the five circumvention scenarios during the period of review.

### COUNT II

14.     The allegations of paragraphs 1 through 13 are restated and incorporated herein by reference.

15.     Commerce's finding that it requested, but was unable to verify certain source

documents including purchase order, payment tracking notes, and material input orders are unsupported by record evidence and otherwise an abuse of discretion or contrary to law. *See* 19 U.S.C. § 1516a(b)(l)(A); §1516a(b)(1)(B)(i). Commerce was presented with all necessary source documents that were maintained by the Company as official records. There was no discrepancy involving the official company records as verified by Commerce. Cam Lam's Director, who oversees all aspects of purchase and sales, was also on site and fully participated in the verification. Moreover, Cam Lam cooperated to the best of its ability by having the sales manager that was not present due to personal reasons participate in the verification virtually.

## COUNT III

16.     The allegations of paragraphs 1 through 15 are restated and incorporated herein by reference.

17.     Commerce's finding that Cam Lam withheld necessary information, i.e., the name change that happened subsequent to the POR, and failed to act to the best of its ability is unsupported by record evidence and contrary to law. *See* 19 U.S.C. § 1516a(b)(l)(B)(i); 19 U.S.C. §§ 1677e(a)-(b). Cam Lam participated in this review to have Commerce review its AR5 shipments, and restore its certification eligibility only on those entries, because use of the name "Cam Lam" ceased *after* AR5. Cam Lam's post-AR5 name change had no relevance in this review. The AR5 shipments being reviewed were produced by Cam Lam and sold by Cam Lam, and therefore, Commerce's final determination would have only applied to "Cam Lam's" exports. There was no gap in the record with respect to the company Cam Lam, and Commerce was without statutory predicate to then resort to an adverse inference to fill that (non-existent) gap, much less to apply total adverse facts.

## COUNT IV

18.    The allegations of paragraphs 1 through 17 are restated and incorporated herein by reference.

19.    Commerce's AR 5 Final Results are arbitrary and capricious because they do not take into account an important aspect of the problem.  Commerce dragged its feet and extended its original investigation and the instant review over a long period of years by which time life circumstances changed for the Cam Lam employee that is at the center of Commerce's AFA finding.  Commerce took well over the statutory time for the investigation, or even typical time overruns for similar investigations.  As for AR 5, Commerce almost exclusively concludes all annual reviews within the statutory maximum of 18 months, including full extensions of the preliminary and final results.  Yet this review took some 27 months overall to complete. Commerce failed to account that its own extraordinary actions contributed to the difficulty in getting one single employee to verification.

20.    This Court will hold as unlawful any administrative decision that is arbitrary, capricious, or an abuse of discretion. *See* 19 U.S.C. § 1516a(b)(l)(A). Normally, an agency decision would be arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  This massive combined delay between the investigation and review, likely without precedent in modern practice, adversely impacted Cam Lam's ability to have all staff attend verification but Commerce did not offset those considerations against its expectations and thus

acted arbitrarily.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1)    Declaring Commerce's findings of deficiencies at the verification of Cam Lam were arbitrary and capricious in light of its own contribution of extraordinary delay in the proceeding; and

(2)    Declaring Commerce's resort to total adverse facts based on the lack of certain background records for sales was unsupported by record evidence contrary to law as the gap faulted on the sales and sales representative did not create a gap in the production records that are fundamental to whether Chinese core veneer was consumed in the production of Cam Lam's hardwood plywood exports to the United States; and

(3)    Granting Plaintiff such other relief as the Court may deem appropriate, including remand to Commerce for reconsideration of Commerce's denial of certification to Cam Lam.

Respectfully submitted,

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
Suite 1101
1156 Fifteenth Street, N.W.  20005
Tel: (202) 868-0300
email:  gmenegaz@dhlaw.com

Dated:  July 18, 2025

## PUBLIC CERTIFICATE OF SERVICE

**Hardwood Plywood Products
from the People's Republic of China
A-570-051
POR 5: 1/1/2022-12/31/2022
CIT No. 25-00111**

      The undersigned hereby certifies that a copy of the Complaint was served upon the following parties by Certified and Return Receipt Mail or FedEx on July 18, 2025:

Stephanie M Bell, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036

Stephen Brophy, Esq.
**Husch Blackwell LLP**
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006

William Marshall,, Esq.
**Sandler, Travis & Rosenberg, P.A.**
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004-3002

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Brittney Powell, Esq.
**Fox Rothschild LLP**
2020 K Street, NW, Suite 500
Washington, D.C. 20006

Daniel L. Porter, Esq.
**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 20006

Craig A. Lewis, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

Thomas Trendl
**Steptoe LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Nam Duc Nguyen
**Nam Huy Trading Limited Company**
Number 65/52 Mieu Hai Xa, Du Hang Kenh
Ward, Le Chan District,
Hai Phong City, Vietnam

Mui Van Ngo
**Plywood Sunshine Ltd,. Co.**
59 Lane 629/12 Kim Ma, Ngoc Khanh ward,
Ba Dinh district
Hanoi City, Vietnam

              /s/ Tanya Strivers

              **Tanya Strivers**