**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |  |
|---|---|---|
| USPLY LLC, | ) | |
| Plaintiff, | ) ) ) ) | |
| and | ) ) | |
| VINCENT WOOD JOINT STOCK CO., *et al.*, | ) ) | |
| Consolidated Plaintiffs, | ) ) | |
| v. | ) ) | Consol. Court No. 25-00111 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | ) ) ) ) | |
| Defendant-Intervenor. | ) ) | |

**ORDER**

Upon consideration of Defendant's motion for leave to correct liquidation instructions and the responses filed thereto, it is hereby

**ORDERED** that Defendant's motion is granted in part and denied in part, and it is further

**ORDERED** that leave is granted for the Department of Commerce to correct Instruction No. 5175402 and Instruction No. 5181415 but denied with respect to the proposed change to Instruction No. 5175401.

Dated: _____, 2026      _____
New York, New York                                    CHIEF JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| USPLY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| VINCENT WOOD JOINT STOCK CO., *et al.*, ) | |
| ) | |
| Consolidated Plaintiffs, ) | |
| ) | |
| v. ) | Consol. Court No. 25-00111 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| COALITION FOR FAIR TRADE IN ) | |
| HARDWOOD PLYWOOD, ) | |
| ) | |
| Defendant-Intervenor. ) | |

**CONSOLIDATED PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO CORRECT LIQUIDATION INSTRUCTIONS**

Pursuant to Rule 7(b), (d) of the Rules of this Court, Consolidated Plaintiffs Richmond International Forest Products, LLC ("Richmond") and Northwest Hardwoods, Inc. ("Northwest Hardwoods") hereby respond to the February 25, 2026 motion filed by Defendant requesting that the Court grant leave for the U.S. Department of Commerce ("Commerce") to correct certain instructions transmitted to U.S. Customs and Border Protection ("CBP") with regard to the fifth administrative review of the antidumping and countervailing duty orders on hardwood plywood from China.

Richmond and Northwest Hardwoods consent to the proposed change with respect to Instruction No. 5175402 dated June 24, 2025 and Instruction No. 5181415 dated June 30, 2025 with regard to Win Faith Trading Limited ("Win Faith") for the reasons set forth in Defendant's motion.  See Def.'s Partial Consent Mot. for Leave to Correct Liquidation Instructions (Feb. 25, 2026), ECF No. 40 ("Def. Mot."); Instruction No. 5175402 (June 24, 2025), ACCESS Barcode No. 4782145-02 (AD P.R. 789); Instruction No. 5181415 (June 30, 2025), ACCESS Barcode No. 4784929-01 (CVD P.R. 673).    As Defendant notes, Richmond has challenged the issue of the incomplete instructions with respect to Win Faith in its lawsuit.  See Def. Mot. at 3.

Richmond and Northwest Hardwoods object, however, with respect to the proposed change to Instruction No. 5175401 dated June 24, 2025.  See id. at 2; Instruction No. 5175401 (June 24, 2025), ACCESS Barcode No. 4782145-01 (AD P.R. 788), attached as Ex. 1.  Defendant proposes to make a substantive change to the liquidation instruction.  It is improper to excise the reference to "produced by" as a mere "correction" because the Department of Commerce represented to the parties in the draft liquidation instructions issued during the course of the administrative proceeding that the final results would apply to merchandise "exported or produced by" by the named entities.  Namely, the draft instructions provided as follows:

> Commerce has confirmed that the shipments of merchandise from the companies identified below are not subject to the order on hardwood plywood from China.. Therefore, pursuant to the publication of the final results of review (xx FR xxxxx, mm/dd/yyyy), CBP should terminate the suspension of liquidation for all shipments of plywood exported or produced by the companies listed below, entered, or withdrawn from warehouse, for consumption during the period 09/26/2021 through 12/31/2022, entered under case number A-570-051 or A-552-006. All such entries should be liquidated without regard to antidumping duties (i.e., return all cash deposits).

2

See Mem. from Rachel Jennings to the File re: Draft U.S. Customs and Border Protection

Instructions at Attach. 1, para. 1 (Nov. 27, 2024) (emphasis supplied), ACCESS Barcode No.

4671435-01 (AD P.R. 729), attached as Ex. 2.

The final instruction provided as follows:

> Commerce has confirmed that the shipments of merchandise from the companies
> identified below are not subject to the order on hardwood plywood from China.
> Therefore, pursuant to the publication of the final results of review (90 FR 21271,
> 05/19/2025), CBP should terminate the suspension of liquidation for all shipments
> of plywood exported or produced by the companies listed below, entered, or
> withdrawn from warehouse, for consumption during the period 09/26/2021 through
> 12/31/2022, entered under case number A-570-051 or A-552-006.  All such entries
> should be liquidated without regard to antidumping duties (i.e., return all cash
> deposits).

Instruction No. 5175401 at para. 1a (AD P.R. 788), attached as Ex. 1.

Defendant's motion to change the instructions mid-litigation to limit the final results to

merchandise "exported" by such entities is unreasonable and would alter the outcome of the

review.  The proposed change goes beyond a mere correction.  The parties to the underlying

administrative proceeding crafted their administrative case briefs based on the draft instructions

that indicated the benefits of the review would apply to merchandise produced or exported by the

named entities.  Further, parties based their complaints and decisions to appeal to this Court on the

final instructions that adopted the formulation in the draft instructions.  Altering the instructions

to CBP to now limit the application of Commerce's findings to exporters alone changes the

outcome of the review without giving both current litigants and other parties in the underlying

administrative review the opportunity to challenge that determination administratively or appeal

the substance of that issue to this Court.  Defendant has not explained why such a substantive

change should be permitted in light of the fact that Commerce gave parties notice that it intended

to include a reference to "produced by" in the liquidation instructions to be implemented by CBP

and thus to give the benefits of the review to merchandise not only exported by, but also produced by, companies formerly found ineligible for the certification process.

Notably, the petitioners did not object to the reference to "produced by" in the draft or final instructions and did not appeal that issue.  Parties were put on notice of Commerce's intention, no party challenged the formulation and Commerce may not now lawfully change course.  Commerce's regulations state that a party's "case brief must present all arguments that continue in the submitter's view to be relevant to the Secretary's final determination or final results, including any arguments presented before the date of publication of the preliminary determination or preliminary results."  19 C.F.R § 351.309(c)(2).  No party raised any issue of the inclusion of "produced by" in the draft instructions in their briefing.  Any such challenge is now waived.  See, e.g., DuPont Teijin Films China Ltd. v. United States, 38 CIT 1282, 1297, 7 F. Supp. 3d 1338, 1354 (2014).

As the Defendant notes in its Motion, "{t}he results of administrative reviews are to be 'the basis for the assessment of . . . antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties.' 19 U.S.C. § 1675(a)(2)(C)."  Def. Mot. at 4 n.1.  The results of the administrative review include the draft instructions and final instructions released to the parties.  As the instructions issued by Commerce in draft form referenced entries "exported or produced by" the named companies, the final instructions properly implemented the results of the administrative review.  See id.  Further, the fact that parties may challenge Customs instructions under a separate basis, 28 U.S.C. § 1581(i), does not alter the fact that no party did in fact challenge the substance of the draft instructions and any such challenge is waived.  Cf. Def. Mot. at 4 n.1 (citing Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1305 (Fed. Cir. 2004); Consol. Bearings Co. v. United States, 348 F.3d 997, 1002 (Fed. Cir. 2003)).  Neither Shinyei nor

Consolidated Bearings addressed situations where Commerce announced to the parties how it would implement the final results (in draft customs instructions) and then sought to change those instructions on a substantive basis in the midst of ongoing litigation brought under 28 U.S.C. § 1581(c).

Further, contrary to the assertion by Defendant, Def. Mot. at 3, it is not the case that the proposed change will not prejudice any party. To the contrary, as noted, parties to the underlying administrative proceeding and parties to this lawsuit relied on the representation by Commerce that the benefit of Commerce's findings would apply to merchandise produced by the named entities in making their decision to appeal specific issues or to appeal to this Court at all.

For these reasons, we respectfully request that the Court deny the Defendant's motion with respect to its request to change Instruction No. 5175401 to remove the reference to "produced by."

Respectfully submitted,

/s/ Jill A. Cramer
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Richmond International Forest Products, LLC and Northwest Hardwoods, Inc.*

Date: March 16, 2026

5

# EXHIBIT 1

Barcode:4782145-01 A-570-051 REV - Admin Review 1/1/22 - 12/31/22 Plywood

A-570-051
Administrative Review
POR: 1/1/2022 - 12/31/2022
Public Document
E&C/OV: RJ

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 5175401 | **MESSAGE DATE** | 06/24/2025 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | LIQ-Liquidation | **FR CITE** | 90 FR 21271 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 05/19/2025 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 05/19/2025 |
| **TYPE** | Public ✓  Non-Public ☐ | **POI/POR DATE** | 09/26/2021 - 12/31/2022 |
| **Notice of lifting of Suspension Date** | 05/19/2025 | **PERIOD COVERED** | - |

**SHORT CASE NAME**

Hardwood Plywood

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s**

A570051

**3rd Country CASE #s**

A552006

Filed By: Rachel Jennings, Filed Date: 6/24/25 8:43 AM, Submission Status: Approved

**RE:** Liquidation instructions for certain hardwood plywood products from the People's Republic of China exported by various companies for the period 09/26/2021 through 12/31/2022 (A-570-051) (Third Country Case Number: A-552-006)

Filed By: Rachel Jennings, Filed Date: 6/24/25 8:43 AM, Submission Status: Approved

1a. The companies listed below may have suspended entries under A-570-051 or A-552-006.  These companies reported to Commerce that they had no shipments of certain hardwood plywood products (hardwood plywood) from the People's Republic of China (subject merchandise) during the period 09/26/2021 through 12/31/2022.  Commerce has confirmed that the shipments of merchandise from the companies identified below are not subject to the order on hardwood plywood from China. Therefore, pursuant to the publication of the final results of review (90 FR 21271, 05/19/2025), CBP should terminate the suspension of liquidation for all shipments of plywood exported or produced by the companies listed below, entered, or withdrawn from warehouse, for consumption during the period 09/26/2021 through 12/31/2022, entered under case number A-570-051 or A-552-006.  All such entries should be liquidated without regard to antidumping duties (i.e., return all cash deposits).

An An Plywood Joint Stock Company
Arrow Forest International Co., Ltd.
Cosco Star International Co., Ltd.
Eagle Industries Company Limited
Golden Bridge Industries Pte. Ltd.
Govina Investment Joint Stock Company
Greatriver Wood Co., Ltd.
Greatwood Hung Yen Joint Stock Company
Hai Hien Bamboo Wood Joint Stock Company
Her Hui Wood (Vietnam) Co., Ltd.
Innovgreen Thanh Hoa Co. Ltd.
Lechenwood Vietnam Company Limited
Long LUU Plywood Production Co., Ltd.
TEKCOM Corporation
TL Trung Viet Company Limited
Vietnam Zhongjia Wood Co., Ltd

1b.  A summons was filed in the U.S. Court of International Trade (Court) to contest the final results of the underlying administrative review.  Accordingly, unless instructed otherwise, CBP should not liquidate entries covered by this message that were exported by Vincent Wood Joint Stock Company (formally known as Cam Lam Vietnam Join Stock Company) until 95 days after the notice of lifting of suspension identified in this message, to ensure the entries are not liquidated prior to the expiration of the time parties have to file a request for a statutory injunction.  Instructions will be issued if the Court issues a statutory injunction.

2.  Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by this message occurred with the publication of the final results of administrative review (90 FR 21271, 05/19/2025).  Unless instructed otherwise, for all other shipments of hardwood plywood from China you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

3.  There are no injunctions applicable to the entries covered by this instruction.

4.  The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended.  Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties.  The interest provisions are not applicable to cash posted as estimated antidumping duties before the date of publication of the antidumping duty order.  Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation.  The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5.  Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement certification in accordance with 19 CFR 351.402(f)(2) and as described under this paragraph:

a.  The importer must certify with CBP prior to liquidation (except as provided below) whether the importer has or has not been reimbursed or entered into any agreement or understanding for the payment or for the refunding to the importer by the manufacturer, producer, seller, or exporter for all or any part of the antidumping and/or countervailing duties, as appropriate.  Such certification should identify the commodity and country and contain the information necessary to link the certification to the relevant entry or entry line number(s).

b.  The certification may be filed either electronically or in paper in accordance with CBP's requirements, as applicable.

c.  If an importer does not provide its certification prior to liquidation, CBP may accept the certification in accordance with its protest procedures under 19 U.S.C. 1514, unless otherwise directed.

d.  Certifications are required for entries of the relevant commodity that have been imported on or after the date of publication of the antidumping notice in the Federal Register that first suspended liquidation in that proceeding.

e. Consistent with 19 CFR 351.402(f)(3), if an importer fails to file the certification, Commerce may presume that the importer was paid or reimbursed the antidumping or countervailing duties.  Therefore, if the importer does not provide the certification prior to liquidation (or as provided above), reimbursement of the duties shall be presumed.  Accordingly, if there is no certification with respect to the antidumping duty, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if there is no certification with respect to any applicable countervailing duty, CBP shall increase the antidumping duty by the amount of the countervailing duty.  Further, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed antidumping duties, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed any applicable countervailing duties, CBP shall increase the antidumping duty by the amount of the countervailing duty.

6.  This instruction to liquidate entries covered by this message does not limit CBP's independent authority, including its authority to suspend, continue to suspend, or extend liquidation of entries

Barcode:4782145-01 A-570-051 REV - Admin Review 1/1/22 - 12/31/22 Plywood AR5

addressed by this message.  Accordingly, CBP should examine all entries for which this message directs liquidation to determine whether any such entries are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's independent authority (e.g., Enforce and Protect Act under section 517 of the Tariff Act of 1930, as amended).  If entries of subject merchandise covered by this message are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's own authority, CBP port officials should follow CBP's internal procedures with respect to continuing any suspension, the lifting of suspension, and/or continuing any extension of liquidation for such entries.

7.  If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984.  CBP ports should submit their inquiries through authorized CBP channels only.  (This message was generated by OV: RJ.)

8.  There are no restrictions on the release of this information.

Alexander Amdur

# EXHIBIT 2

Barcode:4671435-01 A-570-051 REV - Admin Review 1/1/22 - 12/31/22 Plywood AR5

UNITED STATES DEPARTMENT OF COMMERCE
International Trade Administration
Washington, D.C. 20230

A-570-051
Administrative Review
POR:  1/01/2022 – 12/31/2022
Public Document
E&C/V:  RJ

November 27, 2024

**MEMORANDUM TO:**     The File

**FROM:**     Rachel Jennings
              Senior International Trade Compliance Analyst
              AD/CVD Operations, Office V

**RE:**     Administrative Review of the Antidumping Duty Order on Certain
            Hardwood Plywood Products from the People's Republic of China

**SUBJECT:**     Draft U.S. Customs and Border Protection Instructions

Attached are draft U.S. Customs and Border Protection (CBP) instructions that the U.S. Department of Commerce intends to transmit to CBP after the publication of the final results of this administrative review.  See Attachments I through IV.  Any issues regarding the instructions in the Attachments may be raised in the case briefs.  However, any new information submitted in your case briefs will be rejected and removed from the record.

INTERNATIONAL
**T R A D E**
ADMINISTRATION

Barcode:4671435-01 A-570-051 REV - Admin Review 1/1/22 - 12/31/22 Plywood AR5

**Attachment I**

Liquidation Instructions for No Shipments Determination

Barcode:4671435-01 A-570-051 REV - Admin Review 1/1/22 - 12/31/22 Plywood AR5

2

RE: Liquidation instructions for certain hardwood plywood products from the People's Republic of China exported by various companies for the period 09/26/2021 through 12/31/2022 (A-570-051) (Third Country Case Number: A-552-006).

1. The companies listed below may have suspended entries under A-570-051 or A-552-006. These companies reported to Commerce that they had no shipments of certain hardwood plywood products (hardwood plywood) from the People's Republic of China (subject merchandise) during the period 09/26/2021 through 12/31/2022. Commerce has confirmed that the shipments of merchandise from the companies identified below are not subject to the order on hardwood plywood from China.. Therefore, pursuant to the publication of the final results of review (xx FR xxxxx, mm/dd/yyyy), CBP should terminate the suspension of liquidation for all shipments of plywood exported or produced by the companies listed below, entered, or withdrawn from warehouse, for consumption during the period 09/26/2021 through 12/31/2022, entered under case number A-570-051 or A-552-006. All such entries should be liquidated without regard to antidumping duties (*i.e.*, return all cash deposits).

An An Plywood Joint Stock Company
Arrow Forest International Co., Ltd.
Cam Lam Vietnam Joint Stock Company
Cosco Star International Co., Ltd.
Eagle Industries Company Limited
Golden Bridge Industries Pte. Ltd.
Govina Investment Joint Stock Company
Greatriver Wood Co., Ltd.
Greatwood Hung Yen Joint Stock Company
Hai Hien Bamboo Wood Joint Stock Company
Her Hui Wood (Vietnam) Co., Ltd.
Innovgreen Thanh Hoa Co. Ltd.
Lechenwood Vietnam Company Limited
Long LUU Plywood Production Co., Ltd.
TEKCOM Corporation
Thang Long Wood Panel Company Ltd.
TL Trung Viet Company Limited
Vietnam Zhongjia Wood Co., Ltd
Win Faith Trading Limited

2. Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by this message occurred with the publication of the final results of administrative review (xx FR xxxxx, mm/dd/yyyy). Unless instructed otherwise, for all other shipments of hardwood plywood from China you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

3. There are no injunctions applicable to the entries covered by this instruction.

4. The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778

requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties.  The interest provisions are not applicable to cash posted as estimated antidumping duties before the date of publication of the antidumping duty order.  Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation.  The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5.  Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement certification in accordance with 19 CFR 351.402(f)(2) and as described under this paragraph:

a.  The importer must certify with CBP prior to liquidation (except as provided below) whether the importer has or has not been reimbursed or entered into any agreement or understanding for the payment or for the refunding to the importer by the manufacturer, producer, seller, or exporter for all or any part of the antidumping and/or countervailing duties, as appropriate.  Such certification should identify the commodity and country and contain the information necessary to link the certification to the relevant entry or entry line number(s).

b.  The certification may be filed either electronically or in paper in accordance with CBP's requirements, as applicable.

c.  If an importer does not provide its certification prior to liquidation, CBP may accept the certification in accordance with its protest procedures under 19 U.S.C. 1514, unless otherwise directed.

d.  Certifications are required for entries of the relevant commodity that have been imported on or after the date of publication of the antidumping notice in the Federal Register that first suspended liquidation in that proceeding.

e. Consistent with 19 CFR 351.402(f)(3), if an importer fails to file the certification, Commerce may presume that the importer was paid or reimbursed the antidumping or countervailing duties.  Therefore, if the importer does not provide the certification prior to liquidation (or as provided above), reimbursement of the duties shall be presumed.  Accordingly, if there is no certification with respect to the antidumping duty, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if there is no certification with respect to any applicable countervailing duty, CBP shall increase the antidumping duty by the amount of the countervailing duty.  Further, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed antidumping duties, CBP shall increase the antidumping duty by the amount of the antidumping duty.  In addition, if the importer certifies that it has an agreement with the manufacturer, producer, seller, or exporter, to be reimbursed any applicable countervailing duties, CBP shall increase the antidumping duty by the amount of the countervailing duty.

6.  This instruction to liquidate entries covered by this message does not limit CBP's independent authority, including its authority to suspend, continue to suspend, or extend liquidation of entries addressed by this message.  Accordingly, CBP should examine all entries for which this message directs liquidation to determine whether any such entries are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's independent authority (e.g., Enforce

and Protect Act under section 517 of the Tariff Act of 1930, as amended).  If entries of subject merchandise covered by this message are subject to suspension, continued suspension, or extension of liquidation pursuant to CBP's own authority, CBP port officials should follow CBP's internal procedures with respect to continuing any suspension, the lifting of suspension, and/or continuing any extension of liquidation for such entries.

7.  If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984.  CBP ports should submit their inquiries through authorized CBP channels only.  (This message was generated by OV: RJ.)

8.  There are no restrictions on the release of this information.

Alexander Amdur